UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAROL HERNANDEZ                                    CIVIL ACTION

VERSUS                                             NO. 13-544

STATE FARM MUTUAL AUTOMOBILE                       SECTION "C" (2)
INSURANCE CO., ET AL.

## ORDER AND REASONS[1]

Before this Court is a motion to dismiss brought by defendant, the United States of America. Rec. Doc. 10. Plaintiff, Carol Hernandez, opposes the motion. Rec. Doc. 13. Before this Court, also, is plaintiff's motion to stay. Rec. Doc. 13. Defendant, the United States of America, opposes this motion. Rec. Doc. 15. Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion to dismiss is GRANTED and the motion to stay is DENIED for the following reasons.

## I. BACKGROUND

This case arises out of an automobile accident between the plaintiff and Mitch Brown, an employee of the Federal Deposit Insurance Company ("FDIC"), that occurred on August 16, 2011. Rec. Doc. 1-1 at 5. The plaintiff filed suit for damages in the Civil District Court for the Parish of Louisiana on June 12, 2012. Rec. Doc. 1 at 1. The case was removed to this Court by the United States on behalf of Mitch Brown because of his status as a federal employee and because he was acting within the course and scope of his employment at the time of the accident, as determined by the Assistant United States Attorney. Rec. Doc. 1 at 1-2. Brown's status as a

---

[1] Jennifer Watkins, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

1

federal employee invokes the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.,* and the FTCA substitutes the United States as the party defendant. Rec. Doc. 1 at 2-3, citing 28 U.S.C. § 2679(d)(2). Defendant, the United States, has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Rec. Doc. 10 at 1. In this case, after removal and the subsequent invocation of the FTCA, the plaintiff filed a claim with the FDIC pursuant to the requirements of the FTCA, with the FDIC confirming submission of this claim on May 14, 2013. Rec. Doc. 13-1 at 2. Because the FDIC has six months to respond to the claim and has not yet responded, the plaintiff has moved for a stay until November 15, 2013. Rec. Doc. 13 at 1.

## II. LAW AND ANALYSIS

### A. Standard of Review

Federal courts are courts of limited jurisdiction; without jurisdiction authorized by the Constitution or statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012). A court that lacks the statutory or constitutional power to adjudicate a case must dismiss the case for lack of subject matter jurisdiction. *Home Builders Ass'n of Miss. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1981). When a defendant moves to dismiss for lack of subject matter jurisdiction, the plaintiff has the burden to establish subject matter jurisdiction. *Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009), *vacated on other grounds*, 608 F.3d 266 (5th Cir. 2010). As the United States has moved to dismiss under Rule 12(b)(1), the burden is on the plaintiff to establish that this Court has subject matter jurisdiction.

**B. The Federal Torts Claim Act**

The FTCA provides for damages for injury or loss that result as a consequence of the negligent actions of a federal employee acting within the course and scope of his or her employment, by holding the United States liable for such actions. 28 U.S.C. §§ 2672, 2674. When a federal employee is sued for negligence, the Attorney General has the power to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). Upon this certification, the United States is substituted as the defendant in the action, which is subsequently governed pursuant to the FTCA. *Id.* If the case was commenced in state court, it is to be removed to federal district court with the "Attorney General's certification 'conclusiv[e]. . . for purposes of removal.'" *Osborn v. Haley*, 549 U.S. 225, 230 (2007) (quoting 28 U.S.C. § 2679(d)(2)).

Defendant argues that the FTCA requires that a potential plaintiff must file a claim with the appropriate federal agency for damages resulting from the actions of a federal employee that occur within the course and scope of the federal employee's employment. Rec. Doc. 10-1 at 4-5 citing 28 U.S.C. § 2675(a). If the claim is denied or if the agency does not respond to the claimant within six months, at that point, then the claimant may file suit against the United States for damages, and the defendant argues that this requirement must be strictly construed. *Id.*

The government is correct that U.S.C. § 2675 requires that the administrative remedies be exhausted before a suit may be filed against the government under this statute. Failure to do so leaves "the district court. . . without subject matter jurisdiction." *Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996). Further, courts "must strictly construe the statute; any ambiguities will be resolved in favor of the sovereign." *McLaurin v. United States*, 392 F.3d 774, 780 (5th Cir.

3

2004).  The text of the statute that "command[s] that an 'action shall not be instituted. . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous.  We are not free to rewrite the statutory text." *McNeil v. United States*, 508 U.S. 106, 111 (1993).  As noted by the Fifth Circuit, "[S]uits filed [under the FTCA] must be filed in exact compliance with the terms of consent. . ." *Gregory v. Mitchell*, 634 F.2d 199, n.1 (5th Cir.1981).  This is because "[a]bsent a waiver of immunity the United States is immune from suit in tort. Partial waiver, as found in the FTCA, exists wholly by virtue of congressional consent which fixes the terms and conditions on which suit may be instituted." *Id.* at 203.

In regards to plaintiff's motion to stay the proceedings, when a court lacks subject matter jurisdiction, it must immediately dismiss the action. *Id.* at n.2.  It cannot hold the matter pending the outcome from the FDIC "because where the Court does not have jurisdiction, it cannot retain jurisdiction." *Id.* (quoting *Fuller v. Daniel*, 438 F. Supp. 928, 930 (N.D. Ala. 1977).  Being allowed to stay the claim would be in contradiction with the congressional intent of 28 U.S.C. § 2675.  *Id.* at 204.

After this case was removed pursuant to the FTCA, the plaintiff filed an administrative claim with the FDIC on May 14, 2013. Because the FTCA must be strictly construed, the plaintiff must wait until either her claim is denied by the FDIC or until after six months have lapsed from the date she filed her claim, neither of which has presently occurred.  Upon the occurrence of either of these events, the plaintiff would then be entitled to bring a suit against the United States in federal district court.  The plaintiff has offered no proof that this Court has the statutory authority to adjudicate this case at this present time because the FCPA requires strict

adherence to administrative exhaustion prior to the commencement of a suit in federal district court. Consequently the Court concludes that it lacks subject matter jurisdiction. The plaintiff's motion to stay the proceedings cannot be granted because the court presently lacks the necessary subject matter jurisdiction over the FTCA claim to stay the proceedings.

Accordingly,

IT IS ORDERED that the motion to dismiss filed by the defendant is GRANTED. (Rec. Doc. 10). The motion to stay filed by the plaintiff is DENIED without prejudice (Rec. Doc. 13).

New Orleans, Louisiana this 18th day of October, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**